UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>          Plaintiff,<br><br>     vs.<br><br>CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>          Defendants. | 1:22-cv-00025-JLT-GSA (PC)<br><br>**ORDER GRANTING PLAINTIFF LEAVE NUNC PRO TUNC TO FILE FIRST AMENDED COMPLAINT**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br>**(ECF No. 5.)**<br><br>**ORDER FOR PLAINTIFF TO REFRAIN FROM SERVING PROCESS ON ANY OTHER DEFENDANTS UNTIL AFTER THE FIRST AMENDED COMPLAINT HAS BEEN SCREENED BY THE COURT**<br><br>**ORDER FOR PLAINTIFF TO FILE MOTION TO DISMISS DEFENDANT KIRKLAND FROM THIS CASE**<br><br>**FIFTEEN-DAY DEADLINE** |

## I.     BACKGROUND

Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This action was initiated by civil complaint filed by Plaintiff in the Fresno County Superior Court on October 25, 2021 (Case #21CECG03204). On January 5, 2022, defendant California

Correctional Health Care Services (CCHS) removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a) and 1446. (ECF No. 1.)

On January 24, 2022, Plaintiff filed a motion to remand the case to state court. (ECF No. 5.) On February 14, 2022, Defendant CCHS filed an opposition to the motion. (ECF No. 11.) On February 25, 2022, Plaintiff filed a reply to the opposition. (ECF No. 13.)

On February 11, 2022, Defendant Richard Kirkland filed a motion to dismiss the claims against him in this action. (ECF No. 7.) On March 14, 2022, Plaintiff voluntarily filed a First Amended Complaint. (ECF No. 16.)

## II.     PLAINTIFF'S FILING OF A FIRST AMENDED COMPLAINT

Under Rule 15 of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006.) The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, Plaintiff had not obtained Defendants' consent to file an amended complaint. Therefore, Plaintiff requires leave of court to amend the complaint.

The Court has reviewed Plaintiff's original Complaint and First Amended Complaint and finds that the First Amended Complaint is substantially the same as the original Complaint. In fact, it appears that Plaintiff has taken the original Complaint, made minor changes, and submitted the changed complaint and filed it as a First Amended Complaint. Both complaints name most of the same defendants and bring the same claims against them for violation of due

process, failure to protect Plaintiff, negligence, inadequate medical care, deliberate indifference, failure to intervene, state law claims, and failure to train and supervise employees. The statement of facts and the request for relief appear identical in both complaints. The Court finds no evidence that Plaintiff's amendment of the Complaint will prejudice Defendants, was sought in bad faith, produces an undue delay in the litigation, or is futile. Therefore, Plaintiff is granted leave nunc pro tunc to file the First Amended Complaint.

It is well-established that "an amended complaint supersedes an original complaint and renders the original complaint without legal effect . . . ." Brain Life, LLC v. Elekta Inc., No. 10CV1539-LAB BGS, 2012 WL 48024, at *2 (S.D. Cal. Jan. 6, 2012) (quoting In re Atlas Van Lines, Inc. v. Poplar Bluff Transfer Company, 209 F.3d 1064 (8th Cir. 2000). This is true even in removal actions. Cartier v. Wells Fargo Bank, N.A., 547 F. App'x 800, 804 (8th Cir. 2013). Furthermore, "where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." Firebird Structures, LCC v. United Bhd. of Carpenters & Joiners of Am., Loc. Union No. 1505, 252 F. Supp. 3d 1132, 1173 (D.N.M. 2017) (quoting In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928–29 (8th Cir. 2005)(citing In re Atlas Van Lines, Inc., 209 F.3d at 1067)).

"[I]n cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." Id. Only if the amendment was ordered by the court, or was "otherwise involuntary," will the court look back to the original complaint to determine if removal was proper. Id.

Here, Plaintiff was not ordered to amend the complaint, and his amendment was not otherwise involuntary. Id. (citing see Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1241 (8th Cir. 1995) (amendment considered involuntary when it came after district court had ordered plaintiff's original complaint to be dismissed)). Even if Defendant's motion to dismiss may have motivated Plaintiff to file the amended complaint, it does not necessarily render the decision to amend involuntary. Cartier, 547 F. App'x at 800.

///

In the present case, Plaintiff's First Amended Complaint supersedes the original Complaint and renders the original Complaint without legal effect. Therefore, this case now proceeds with the First Amended Complaint.

The Court shall screen the First Amended Complaint in due course, and Plaintiff shall be ordered to refrain from serving any additional Defendants with process until after the First Amended Complaint has been screened.

**III.   MOTION FOR REMAND**

Under 28 U.S.C. § 1441(a), a defendant may remove from state court any action "of which the district courts of the United States have original jurisdiction." Federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Filing a motion to remand is the proper way to challenge removal. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Remand to state court may be ordered either for lack of subject matter jurisdiction or, upon the timely filing of a motion to remand, for any defect in removal procedure. 28 U.S.C. § 1447(c). A motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal, but the court may consider whether it has subject matter jurisdiction over a case at any time. Id.

### A.   Plaintiff's Motion for Remand

Plaintiff requests the Court to remand this case to the Fresno County Superior Court for want of federal court jurisdiction and because not all of the Defendants against whom a federal question has been asserted joined in the Notice of Removal of this action. Plaintiff argues that the Superior Court has jurisdiction over the state law claims in his Complaint, but the district court does not have original or supplemental jurisdiction over the state law claims. Furthermore, Plaintiff requests fees of $1,000.00 plus court costs for opposing the removal.

### B.   Opposition by Defendant California Correctional Health Care Services

In opposition to the motion for remand, defendant California Correctional Health Care Services (CCHCS) contends that all of Plaintiff's arguments fail. CCHCS first argues that

despite Plaintiff's preference to proceed in state court, the district court *does* have subject matter jurisdiction over Plaintiff's constitutional claims. In support of this argument, CCHCS asserts that on the face of the Complaint Plaintiff specifically states that his claims arise "under 42 U.S.C. § 1983, the Fourth, Fifth, Fourteenth Amendment to the United States Constitution, Art. I, section 17."

Second, defendant CCHCS argues that Defendants failure to join together in the Notice of Removal is a non-issue and is not a basis to remand this case to the state court. CCHCS states that based upon court records, only one other defendant, Richard Kirkland, has been served in this action, and significantly Kirkland was not served until after the Notice of Removal was filed, and no other defendants have consented to removal. Thus, CCHCS concludes that the removal is proper under 28 U.S.C. § 1441(c).

### C. Discussion

#### 1. *Subject Matter Jurisdiction*

The court has thoroughly reviewed Plaintiff's First Amended Complaint. Although the First Amended Complaint is primarily couched as claims for medical negligence, which is a state court claim, Plaintiff alleges that this case arises "under 42 U.S.C. section 1983, the Fourth, Fifth, Eighth, Fourteenth Amendment to the United State[s] Constitution." (ECF No. 16 at 1.) These all bestow federal subject matter jurisdiction. Plaintiff's third cause of action in the First Amended Complaint is titled "Denial of Medical Care under 42 U.S.C. section 1983, 4th, 5th, 8th, and 14th Amendments to the United States Constitution." (ECF No. 16 at 13:21-22, 14 ¶ 30.) Among his other claims, Plaintiff alleges that he is bringing claims for violation of due process, cruel and unusual punishment, and deliberate indifference. (ECF No. 16.) He repeatedly refers in the First Amended Complaint to the United States Constitution, § 1983, and the Fourth, Fifth, Eighth, and Fourteenth Amendments." (Id. ¶¶ 33, 35, 39, 44, 48, 51.) These are federal laws.

///

///

Based on the foregoing, the court finds that Plaintiff has clearly presented a federal question in the First Amended Complaint and therefore, the federal court has jurisdiction and the action is removable.

### 2. *Procedural Issues*

Plaintiff has argued that this case should be remanded because not all of the Defendants against whom a federal question has been asserted joined in the Notice of Removal of this action.

Pursuant to 28 U.S.C. § 1446(b), all defendants who are properly joined and served in the action must join in the removal or consent to it in writing:

> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

28 U.S.C. § 1446(b)(2)(A), (B).

In the present case, as Defendants have argued, failure to join together in the Notice of Removal is a non-issue and is not a basis to remand this case to the state court. Defendant CCHCS stated on the front of the Notice of Removal that the action was removed to federal court "under 28 U.S.C. §§ 1441(a) and 1446." (ECF No. 1.) Removal "under §§ 1441(a) and 1446" complies with the requirement in § 1446(b) that this action be "removed solely under section 1441(a)" because "[w]hen § 1446(b)(2)(A) speaks of cases removed 'solely under section 1441(a),' it distinguishes between: (1) cases removed under § 1441(a); and (2) cases removed *under some other removal statute,* such as § 1442 or § 1443." Alta Gold Min. Co. v. Aero-Nautical Leasing Corp., No. 3:13-CV-00311-RCJ, 2013 WL 5671170, at *4 (D. Nev. Oct. 15, 2013). Therefore, it is of no consequence, with respect to Plaintiff's motion to remand, that the present case was removed "under 28 U.S.C. §§ 1441(a) and 1446."

Also, when CCHCS filed the Notice of Removal, there were no other defendants who had been properly joined and served. Therefore, the fact that none of the other Defendants joined in

or consented to the removal action at the time of removal does not cause the removal to be procedurally deficient.

Moreover, even if there were procedural deficiencies in the removal, by filing the First Amended Complaint in this court Plaintiff has waived his right to challenge those deficiencies. Importantly, to waive the right to challenge procedural removal defects and/or consent to a federal court's assumption of removal jurisdiction, the plaintiff must have engaged in "affirmative conduct" or indicated "unequivocal assent" to federal jurisdiction, such that it would be "offensive to fundamental principles of fairness to remand." Transport Indem. Co. v. Fin. Tr. Co., 339 F. Supp. 405, 408 (C.D. Cal. 1972) (quoting Maybruck v. Haim, 390 F. Supp. 721, 723–24 (S.D.N.Y. 1968)).

The Supreme Court in In re Moore, 209 U.S. 490, 496 (1908) found that a plaintiff who filed an amended complaint after the case had been removed had waived the right to remand. In re Moore, 209 U.S. 490, 496 (1908), *overruled on other grounds by* Ex parte Harding, 219 U.S. 363 (1911). The Court found that the plaintiff had waived his right to remand because he had made "repeated recognitions of the jurisdiction" of the federal court. . . and by demonstrating that he "was willing that his controversy with the defendant should be settled by a trial in that court." Id. at 496. Plaintiff's "fil[ing] [of] an amended complaint . . . *could* qualify as affirmative conduct or unequivocal assent to federal jurisdiction. Hunsicker v. Home Depot U.S.A., Inc., Case No. CV 20-6382 PSG (Ex), 2020 WL 6158243, at *3 (C.D. Cal., Oct. 21, 2020) (emphasis in original) (quoting Maybruck, 390 F. Supp. at 723–24); Alarcon v. Shim Inc., No C 07-02894 SI, 2007 WL 2701930, at *2 (N.D. Cal. Sept. 13, 2007) ("Courts have found plaintiffs waived their right to challenge procedural defects in removal where plaintiffs filed an amended complaint . . . .")).

Here, Plaintiff has demonstrated in his First Amended Complaint that he is willing to have his controversy with Defendants settled by a trial in this court. Plaintiff titles his First Amended Complaint, "First Amended Complaint for Damages for Civil Rights Deprivations under 42 U.S.C. § 1983 and Supplemental State-Law Claims," which clearly presents a federal question. (ECF No. 16.) Moreover, on the face of the First Amended Complaint, Plaintiff states

that "[t]his case arises under state-law statutes, and under 42 U.S.C. § 1983, the Fourth, Fifth, Eighth, [and] Fourteenth Amendment[s] to the United States Constitution . . ." Id. Plaintiff also alleges on the face of the First Amended Complaint that jurisdiction in this Court is conferred by 28 U.S.C. §§ 1331 and 1343. Id. Plaintiff thus indicates that this case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Accordingly, the court finds that Plaintiff has waived any procedural defect in the removal of this action by voluntarily filing the First Amended Complaint on March 14, 2022. (ECF No. 16.)

Based on the foregoing, Plaintiff's motion for remand shall be denied.

## IV. DEFENDANT RICHARD KIRKLAND

Plaintiff's First Amended Complaint contains a declaration in which Plaintiff states under penalty of perjury that he "amended his complaint and removed defendant Richard Kirkland, Chief Deputy Receiver, from this action." (ECF No. 16 at 30:2-3.) While Plaintiff's intent to dismiss Defendant Kirkland appears clear, to clarify the record the Court shall require Plaintiff to file a separate motion to dismiss defendant Richard Kirkland from this action, and do so within 15 days of the service of this order.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff is granted leave nunc pro tunc to file his First Amended Complaint;
2. This case now proceeds with the First Amended Complaint filed on March 14, 2022;
3. The Court shall screen the First Amended Complaint in due course;
4. Plaintiff shall not serve process upon any other defendant until after the Court has screened the First Amended Complaint;
5. Plaintiff's motion for remand, filed on January 24, 2022, is denied as moot;
6. Within 15 days from the date of service of this order, Plaintiff is required to file a motion to dismiss defendant Richard Kirkland from this action if that remains his intent; and

7.     Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **March 23, 2022**            **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE