UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CALIFORNIA CORRECTIONAL<br>HEALTH CARE SERVICES, et al.,<br><br>　　　　Defendants. | 1:22-cv-00025-JLT-GSA (PC)<br><br>**ORDER RE PLAINTIFF'S NOTICE OF DISMISSAL**<br>**(ECF No. 18.)**<br><br>**ORDER DISMISSING DEFENDANT KIRKLAND FROM THIS CASE UNDER RULE 41**<br><br>**ORDER DENYING DEFENDANT KIRKLAND'S PENDING MOTIONS AS MOOT**<br>**(ECF Nos. 7, 8.)**<br><br>**ORDER FOR CLERK TO TERMINATE DEFENDANT KIRKLAND FROM THE DOCKET** |

　　　Plaintiff is a prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  On May 31, 2016, Plaintiff filed a motion to voluntarily dismiss Defendant Kirkland from this case under Rule 41(a)(2) of the Federal Rules of Civil Procedure.  (ECF No. 18.)  The Court construes Plaintiff's motion as a notice of dismissal under Rule 41(a)(1).  In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

> 　　Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.  <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir. 1987)).  A plaintiff may dismiss his action so long as the plaintiff files a notice of

dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

In this case, no Defendant has filed an answer or a motion for summary judgment. Therefore, Plaintiff's notice of dismissal is effective, and Defendant Kirkland is dismissed from this case without prejudice. In addition, Defendant Kirkland's pending motions, filed on February 11, 2022 and February 14, 2022, shall be denied as moot. (ECF Nos. 7, 8.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dismiss Defendant Kirkland from this action under Rule 41(a)(2), filed on April 4, 2022, is construed as a notice of dismissal under Rule 41(a)(1);

2. Plaintiff's notice of dismissal is effective as of the date it was filed;

3. Defendant Kirkland is dismissed from this case, without prejudice, under Rule 41(a)(1);

4. Defendant Kirkland's pending motion to dismiss and motion for administrative relief, filed on February 11, 2022 and February 14, 2022, respectively, are denied as moot; and

5. The Clerk of the Court shall indicate on the docket that Defendant Kirkland is dismissed from this case.

IT IS SO ORDERED.

Dated:   **April 6, 2022**            **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE