UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR CABRERA,<br><br>  Plaintiff,<br><br>  v.<br><br>CA CORRECTIONAL HEALTH CARE SERVICES, et al.,<br><br>  Defendants. | No. 1:22-cv-00025 JLT GSA (PC)<br><br>ORDER GRANTING NUNC PRO TUNC PLAINTIFF'S REQUEST FOR SCREENING<br><br>(ECF No. 24)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 26)<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT DUE IN SIXTY DAYS |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. Defendants have removed the case to this Court. See ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's request for screening and a motion for a sixty-day extension of time to file a second amended complaint ("SAC"). See ECF Nos. 24, 26 (respectively). For the reasons stated below, Plaintiff's request for screening will be granted nunc pro tunc. In addition, Plaintiff's motion for a sixty-day extension of time to file a SAC will be

1

1  granted.  Finally, Plaintiff will also be ordered to file his SAC on the Court's form and to limit the
2  pleading to twenty-five pages, not including exhibits.

### I.   REQUEST FOR SCREENING

On August 24, 2025, Plaintiff signed a document which requested that the Court screen his lodged first amended complaint ("FAC").  See ECF No. 24 at 2.  Thereafter, his request was docketed on August 27, 2025.  See id. (8/27/25 docketing date).

On August 28, 2025, the Court screened Plaintiff's FAC.[1]  ECF No. 25.  Therefore, Plaintiff's request for screening will be granted nunc pro tunc.

### II.   MOTION FOR EXTENSION OF TIME

#### A.  Plaintiff's Motion

When the Court screened Plaintiff's FAC, it ordered him to file an amended complaint and to do so in twenty-one days.  ECF No. 25 at 11.  On September 12, 2025, Plaintiff's request for an extension of time to file and amended complaint was docketed.  ECF No. 26.  Plaintiff asks for sixty-days – or until November 17, 2025 – to file the amended complaint.  Id. at 2.

In support of the motion, Plaintiff states that he has never asked for an extension; that he lacks education and legal training; and, that he has difficulty obtaining facts while incarcerated.  ECF No. 26.  He also states that because of prison law library restrictions and lockdowns he has had a hard time obtaining materials and copies from it.  Id. at 2.

#### B.  Discussion

Good cause appearing, Plaintiff's request for a sixty-day extension of time to file his SAC will be granted, and instead of the SAC being due on November 17, 2025, the Court will permit Plaintiff to file the SAC within sixty days from the date of this order.  **In so doing, however, the Court will modify its screening order of Plaintiff's FAC to now expressly limit the number of pages Plaintiff 's SAC may contain to twenty-five pages, not including exhibits.**

Plaintiff is also **advised** that repeated violations of Rule 8(a)'s "short and plain statement"

---

[1] In so doing, the Court found that the FAC – which consisted of fifty-eight pages of narrative and eighty-five pages of exhibits – violated Federal Rule of Civil Procedure 8(a)(2) and (d)(1) which require a complaint to contain "short and plain" statements and "simple, concise, and direct" allegations.  See ECF No. 25 at 11.

1 requirement are strikes as "fail[ures] to state claim" when the opportunity to correct the pleading
2 has been afforded and there has been no modification within a reasonable [*5] time).  See, Knapp
3 v. Hogan, 738 F.3d 1106, 1108-09 (9th Cir. 2013); Calderon v. Covello, No. 2:23-cv-2049 WBS
4 CSK P, 2024 U.S. Dist. LEXIS 111802, at *4 (E.D. Cal. June 24, 2024).

    The Court will again **order** Plaintiff to file his SAC on the Court's Civil Rights Complaint By a Prisoner form and to answer **all** the questions in it.  Plaintiff is informed that his failure to fully comply with the directions in this order will likely result in a recommendation that this matter be dismissed in its entirety.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  The Clerk of Court shall send Plaintiff a copy of the Court's Civil Rights Complaint By a Prisoner form;

    2.  Plaintiff's request for screening (ECF No. 24) is GRANTED nunc pro tunc;

    3.  Plaintiff's request for an extension of time to file a second amended complaint (ECF No. 26) is GRANTED;

    4.  Within sixty days from the date of this order, Plaintiff shall file a second amended complaint, and

    5.  Plaintiff's second amended complaint shall:

        a.  Be FILED on the Court's Civil Rights Complaint By a Prisoner form, and

        b.  Be NO MORE THAN twenty-five pages in length, not including exhibits.

    **Plaintiff is cautioned that his failure to comply with all the directives in this order will likely result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

   Dated:   **September 20, 2025**                **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE